UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO C. RAYGOZA,<br><br>    Petitioner,<br><br>    v.<br><br>KIM HOLLAND,<br><br>    Respondent. | Case No. 16-cv-02978-EMC<br><br>**ORDER OF PARTIAL DISMISSAL AND REQUIRING CHOICE BY PETITIONER**<br><br>Docket No. 11 |

## I. INTRODUCTION

Ricardo C. Raygoza filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss three of the nine claims in the petition. Mr. Raygoza has opposed the motion. For the reasons discussed below, the Court dismisses Claim 7 (i.e., the *Miranda* claim) as procedurally defaulted, and dismisses Claims 8 and 9 (the ineffective-assistance-of-counsel claims related to the *Miranda* claim) as unexhausted. Mr. Raygoza will be required to choose how to deal with the problem of his unexhausted claims of ineffective assistance of counsel.

## II. BACKGROUND

Following a jury trial in Monterey County Superior Court, Mr. Raygoza was convicted of six counts of committing lewd acts upon a child under 14 years old, two counts of committing lewd acts upon a 14- or 15-year-old child who was ten or more years younger than him, and two counts of annoying or molesting a child. The jury found true allegations that Mr. Raygoza committed the lewd acts against multiple victims. On August 2, 2012, Mr. Raygoza was sentenced to 32 years, 8 months to life in prison.

Mr. Raygoza appealed. He presented the following issues on appeal: the prosecutor's

amendment of the information violated his right to notice of the charges, two jury instructions improperly shifted the burden of proof, the court erred by admitting prior bad acts evidence, prosecutorial misconduct, and cumulative error. He did *not* argue on appeal that his *Miranda* rights were violated or that he had received ineffective assistance of counsel. The California Court of Appeal affirmed the judgment of conviction, and the California Supreme Court denied review in 2014.

Mr. Raygoza later filed petitions for writ of habeas corpus in the state court. Mr. Raygoza filed a petition for writ of habeas corpus in the Monterey County Superior Court, in which he alleged that the admission at trial of evidence of his pretrial statement to police violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and that his trial counsel was ineffective in failing to object to the admission of that evidence. Docket No. 11-3 at 3. On July 21, 2015, the superior court denied the petition for two reasons: (1) the petition failed to state a prima facie claim for relief because Mr. Raygoza's allegations were conclusory and he had not included copies of reasonably available documentary evidence, such as the trial transcript or any other documentary evidence, and (2) habeas relief was not available for claims that could have been brought on appeal. Docket No. 11-3 at 11-12 (Monterey County Superior Court July 21, 2015 order, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (Cal. 1995), and *In re Dixon*, 41 Cal. 2d 756, 759 (Cal. 1953)).

Mr. Raygoza then filed a petition for writ of habeas corpus in the California Court of Appeal, again alleging that the admission of his statement to police violated his *Miranda* rights and that trial counsel was ineffective in failing to object to the admission of that evidence. He also added a claim that appellate counsel was ineffective in failing to argue the *Miranda* claim on appeal. Docket No. 11-3 at 15. On September 23, 2015, the California Court of Appeal summarily denied the petition. Docket No. 11-3 at 39.

Mr. Raygoza next went to the California Supreme Court, where he received the rejection that forms the basis for Respondent's motion to dismiss. Mr. Raygoza filed a petition for writ of habeas corpus in the California Supreme Court raising the same three claims presented to the appellate court, i.e., a *Miranda* claim, a claim that trial counsel was ineffective in not arguing that

2

1  there had been a *Miranda* violation, and a claim that appellate counsel was ineffective in not
2  arguing that there had been a *Miranda* violation. Docket No. 11-3 at 27. The California Supreme
3  Court denied the petition in a February 24, 2016 order citing *Duvall*, 9 Cal. 4th at 474, and *Dixon*,
4  41 Cal. 2d at 759. Docket No. 11-3 at 47.

Mr. Raygoza then filed this action. In his federal petition for writ of habeas corpus, he alleged the following claims: (1) the amendment of the information after the close of evidence violated Mr. Raygoza's right to notice under the Sixth and Fourteenth Amendments; (2) the CALCRIM No. 1110 instruction violated his rights to a jury trial and due process because it eliminated the need for the jury to find all elements of a California Penal Code section 288(a) offense beyond a reasonable doubt; (3) the CALCRIM No. 1191 instruction violated Mr. Raygoza's right to due process because it allowed the use of charged offenses as evidence of his propensity to commit other charged offenses; (4) the admission of evidence of Mr. Raygoza's prior violent acts violated his right to due process; (5) the prosecutor committed misconduct during closing argument when he vouched for a witness; (6) cumulative error; (7) the admission of Mr. Raygoza's pretrial statement violated his *Miranda* rights; (8) trial counsel was ineffective in failing to object to the introduction of Mr. Raygoza's interrogation; and (9) appellate counsel was ineffective in failing to raise the Fifth Amendment violation. The Court found that, liberally construed, the claims appeared to be cognizable and ordered Respondent to file a response.

Respondent has moved to dismiss Claim 7 as procedurally defaulted and Claims 8 and 9 as unexhausted. Mr. Raygoza has opposed the motion, arguing that there is cause and prejudice for the procedural default of Claim 7, and that Claims 8 and 9 were exhausted in state court.

## III. DISCUSSION

A. The *Miranda* Claim (i.e., Claim 7) Is Procedurally Defaulted

To help the reader understand the procedural default analysis, the Court will summarize it first and then fill in the details. In brief, the Court's analysis is as follows: Mr. Raygoza's *Miranda* claim is procedurally defaulted because it was not raised on direct appeal, as required by California law. A procedurally defaulted claim may be considered in a federal habeas action if a petitioner shows cause and prejudice for the procedural default. Ineffective assistance of counsel

3

may provide cause to excuse a procedural default, but only if (a) the ineffective assistance amounts to constitutionally ineffective assistance of counsel, (b) the ineffective-assistance-of-counsel claim was presented as a separate claim in state court, and (c) state court remedies were exhausted for the ineffective-assistance-of-counsel claim. Mr. Raygoza does not show cause to excuse his procedural default based on ineffective assistance of counsel because his ineffective-assistance-of-counsel claims are unexhausted and meritless. Therefore, the *Miranda* claim will be dismissed as procedurally defaulted. A more detailed analysis follows.

1. The Procedural Default

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 729-30. A "discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53, 60 (2009). A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision and the application of the state procedural rule does not depend on a consideration of federal law. *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003). An "adequate" state rule must be "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Kindler*, 558 U.S. at 60-61). A rule can be "firmly established and regularly followed" even if it is discretionary, and even if the state court may choose to deny a procedurally barred claim on the merits. *See id.* at 316, 319. The state bears the burden of proving the adequacy of a state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).

Here, the California Supreme Court denied Mr. Raygoza's petition for writ of habeas corpus with citations to *Duvall*, 9 Cal. 4th at 474,[1] and *Dixon*, 41 Cal. 2d at 759. In *Dixon*, the

---

[1] The citation to *People v. Duvall*, 9 Cal. 4th at 474, means that the petition also was rejected as insufficiently pleaded. This procedural problem is discussed later in section B of this order. The

4

California Supreme Court stated: "The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." 41 Cal. 2d at 759. The *Dixon* bar does not apply to claims of ineffective assistance of counsel. *In re Robbins*, 18 Cal. 4th 770, 814 n.34 (Cal. 1998). Since the *Dixon* bar could only apply to the *Miranda* claim, there was no ambiguity as to the meaning of the *Dixon* citation by the California Supreme Court: the *Dixon* citation in the order denying the petition for writ of habeas corpus meant that the California Supreme Court refused to consider the *Miranda* claim for the procedural reason that the *Miranda* claim had to be brought on direct appeal rather than in a state habeas action.

Having identified the *Dixon* rule against using habeas as a substitute for appeal as the procedural bar imposed on the *Miranda* claim by the California Supreme Court, this Court next must consider whether that bar is independent and adequate, so as to preclude federal habeas review. *See Coleman*, 501 U.S. at 729. With regard to whether the *Dixon* bar is independent and adequate, this Court adheres to the specific analytic framework described in *Bennett*, 322 F.3d at 585-86.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 586. Here, Respondent satisfied his initial burden under *Bennett* by identifying Mr. Raygoza's petition for writ of habeas corpus to the California Supreme Court, noting the rejection of that petition by the California Supreme Court with a citation to the *Dixon* bar against using habeas as a substitute for appeal, and pleading that the *Dixon* bar is an independent and adequate state procedural ground. The "burden to place that defense in issue" then "shift[ed] to the

---

*Duvall* bar does not affect the procedural default analysis for the *Dixon* bar for the reasons stated in footnote 4, *infra*.

5

petitioner," *Bennett*, 322 F.3d at 586, but Mr. Raygoza did not meet his burden because he did not challenge the *Dixon* bar's independence or adequacy in his opposition. (Indeed, his opposition appears to accept that there is a valid procedural bar, and tries to show cause to excuse it -- an issue discussed in Section A.2 in this order.)

As noted earlier, to be adequate, the state court rule must be firmly established and regularly followed. *See Walker*, 562 U.S. at 316. The U.S. Supreme Court has determined that California's *Dixon* bar qualifies as an adequate procedural ground because it is firmly established and regularly followed. *Johnson v. Lee*, 136 S. Ct. 1802, 1805 (2016).

The independence of the bar is readily apparent. The *Dixon* bar is independent because the California Supreme Court "explicitly invoke[d] the procedural rule as a separate basis for its decision," *Vang*, 329 F.3d at 1074, and the application of the bar did not "depend[] on a consideration of federal law," *id.* at 1075, because federal law plays no role in determining whether a claim could have been raised on direct appeal rather than in a state habeas petition. *See generally Bennett v. Mueller*, 322 F.3d at 581 (rule that is not "interwoven with federal law" is an independent state procedural ground).

The California Supreme Court imposed a state procedural bar that is adequate and independent of federal law. Mr. Raygoza's *Miranda* claim is procedurally defaulted.

2. <u>There Is No Ineffective Assistance Of Counsel Providing Cause To Excuse The Procedural Default</u>

Unless a habeas petitioner shows cause and prejudice, the court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). The cause standard requires the petitioner to show that "some objective factor external to the defense" or constitutionally ineffective assistance of counsel impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). To satisfy the prejudice part of the cause-and-prejudice test, the petitioner must show actual prejudice resulting from the errors of

which he complains. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991).[2]

In order for counsel's ineffectiveness to provide cause to excuse a procedural default, the attorney must "be constitutionally ineffective under the standard established in *Strickland v. Washington,"* 466 U.S. 668 (1984). *Murray v. Carrier*, 477 U.S. at 488. Under *Strickland*, a petitioner must establish two things to prevail on a Sixth Amendment ineffective-assistance-of-counsel claim. First, he must demonstrate that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland,* 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Appellate counsel's performance also is evaluated using the *Strickland* standard. *See Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Moormann v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010) (for deficient performance prong in appellate context, the petitioner must "demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue," and for prejudice prong in appellate context, "petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal"). Attorney error that does not meet the *Strickland* standard does not suffice to provide cause to excuse a procedural default. *Murray v. Carrier*, 477 U.S. at 488. In addition to meeting the *Strickland* standard, for counsel's ineffectiveness to provide cause, the petitioner must have presented the ineffective-assistance-of-counsel claim as a separate claim to the state courts and exhausted state court remedies for that claim. *Murray v. Carrier,* 477 U.S. at 489.

Here, the alleged ineffective assistance of counsel consisted of both trial and appellate counsel failing to raise the *Miranda* claim. It thus is necessary to consider whether there was potential merit to a *Miranda* claim because counsel does not engage in deficient performance by

---

[2] A federal court also may hear the merits of a procedurally defaulted claim if the failure to hear the claim would constitute a "miscarriage of justice." *See Sawyer*, 505 U.S. at 339-40. In the federal habeas context, the "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. at 496). Mr. Raygoza does not argue that the miscarriage of justice exception applies to his case.

7

failing to raise a nonmeritorious issue. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (counsel's performance not deficient for failing to raise meritless objection); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take a futile action can never be deficient performance); *see also Moormann*, 628 F.3d at 1107 (if there is not an underlying error "appellate counsel did not act unreasonably in failing to raise a meritless claim" and petitioner "was not prejudiced by appellate counsel's omission").

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that certain warnings must be given before a suspect's statement made during custodial interrogation can be admitted in evidence. *Miranda* warnings are required "only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). In determining whether someone is in custody, "the ultimate inquiry is simply whether there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (quoting *Oregon v. Mathiason*, 429 U.S. at 495). It requires that a reasonable person would "have felt he or she was not at liberty to terminate the interrogation and leave," given the totality of the circumstances. *Thompson v. Keohane*, 516 U.S. 99, 112 (1995).

Neither *Miranda* nor its Supreme Court progeny set down any bright line rule or specific test for determining when someone is in custody and instead suggest that the totality of the circumstances of each case must be examined to determine whether there was custody. *See Yarborough v. Alvarado*, 541 U.S. 652, 661-62 (2004). The Ninth Circuit has identified several factors relevant to the "in custody" determination:

> Pertinent areas of inquiry include [1] the language used by the officer to summon the individual, [2] the extent to which he or she is confronted with evidence of guilt, [3] the physical surroundings of the interrogation, [4] the duration of the detention and [5] the degree of pressure applied to detain the individual.

*United States v. Booth*, 669 F.2d 1231, 1235 (9th Cir. 1981) (custody found where defendant knew that he was a prime suspect in the killing and that he would be placed in jail later that day); *see, e.g., United States v. Kim*, 292 F.3d 969, 977-78 (9th Cir. 2002) (custody found where defendant was locked in with the police and her communication with those outside was restricted).

8

However, these factors are not exhaustive, as other factors may be pertinent to, or even dispositive of, the custody question. *See United States v. Bassignani*, 575 F.3d 879, 887 (9th Cir. 2009) (applying above factors and finding no custody where police interviewed employee for over two hours in office conference room). In *Mathiason*, the Supreme Court acknowledged that the environment at the police station was coercive, but that *Miranda* does not apply simply because a coercive atmosphere exists. *Mathiason*, 429 U.S. at 495. Importantly, the Supreme Court has several times found no custody where the defendant went to the police station voluntarily and left freely after questioning. *See Stansbury v. California*, 511 U.S. 318 (1994); *Beheler*, 463 U.S. 1121; *Mathiason*, 429 U.S. 492.

Giving a *Miranda* advisement might tend to support a determination that the person was in custody, but that alone does not show custody. In *United States v. Redlightning*, 624 F.3d 1090, 1103-06 (9th Cir. 2010), the Ninth Circuit concluded that a person was not in custody when he was taken to an FBI office, advised of his *Miranda* rights, waived his *Miranda* rights, and was questioned -- although the issue in that case pertained to whether there had been a Fourth Amendment seizure rather than a *Miranda* violation. As to the effect of the reading of the *Miranda* rights, the Ninth Circuit explained:

> The reading of *Miranda* rights prior to questioning in the FBI interview room could equally support the position of either party, and in some circumstances might indicate a person was not free to leave, *see United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (en banc) (explaining that when the police officer read defendant his *Miranda* rights the defendant stopped the officer and said, "Oh, I'm under arrest?"). The controlling legal standard requires, however, that we consider the total circumstances and how an objective person would assess if he was free to leave. We conclude, as stated by a leading commentator, that "the issuance of *Miranda* warnings as a cautionary measure does not itself transform the situation into a Fourth Amendment seizure." 3 Wayne R. LaFave, *Search and Seizure* § 5.1(a) (4th ed. 2004).

*Redlightning*, 624 F.3d at 1105.

Mr. Raygoza argues that the failure of trial counsel to object to the admission of the confession as being in violation of *Miranda*, and the failure of appellate counsel to raise the *Miranda* issue on appeal, provide cause to excuse his procedural default. His *Miranda* claim, and the related ineffective-assistance-of-counsel claims, all are based on the single fact that he was not

9

asked whether he waived his *Miranda* rights after those rights were read to him. But that one fact does not show a *Miranda* violation, nor does it suggest that counsel was ineffective in not arguing that there was a *Miranda* violation.

Based on the record before the Court, Mr. Raygoza has not shown that he was subject to a *custodial* interrogation, and therefore has not shown an essential element of a *Miranda* claim. Respondent has provided the transcript of the August 31, 2009, recorded interview of Mr. Raygoza by detective Bravo, and that transcript provides almost no information about the circumstances of that interview. Mr. Raygoza offers no other evidence about those circumstances. *See* CT 300-395. The transcript does not state where the interview took place, does not describe the physical conditions of the site of the interview or the interviewee, provides no information about the tone of voice of the interrogator, provides no explanation of how Mr. Raygoza came to be in the room (e.g., whether he went to the interview site voluntarily or was transported there by police), and provides no information about whether Mr. Raygoza was in handcuffs or otherwise physically restrained. All that is known from the transcript is that detective Bravo did read the *Miranda* rights to Mr. Raygoza, after which Mr. Raygoza said he understood them. CT 301.[3] As

---

[3] The English-language translation of the interview showed the following exchange about the *Miranda* rights:

> Bravo: Okay. Um, basically I wanted to talk to you about a subject. . . . it's something that I want to clear up with you. . . . Um, but before I ask you questions . . . I'm going to read you your rights, all right?
>
> Raygoza: Ok.
>
> Bravo: Um, first of all let me ask you this. Do you know why you are here?
>
> Raygoza: The truth is, I don't.
>
> Bravo: Not really? Ok. Ok. So right now I'll let you know about everything and, and, and, um, we'll clear up some things.
>
> Raygoza: Ok.
>
> Bravo: Um, first, you have the right to remain silent. Anything you say can be used and will be used against you in a court of justice. You have the right to talk to a attorney, and have a lawyer present before and during questioning. If you can't afford an

Mr. Raygoza states, there was no affirmative statement by him that he waived those rights. From other papers filed by Respondent, one learns that the interview lasted about 90 minutes and was conducted by Salinas Police detective Bravo. *See* Docket No. 14-1 at 133, 136. On this record, one cannot conclude that trial counsel or appellate counsel engaged in "deficient performance," *Strickland*, 466 U.S. at 687-88, in not presenting a *Miranda* claim. In other words, given that it is essential to a *Miranda* claim to show a *custodial* interrogation, and given the absence of proof of a *custodial* interrogation, Mr. Raygoza fails to show that counsel engaged in deficient performance by not challenging the admission of evidence of his statement to police. Counsel had no duty to make a meritless motion or present a meritless issue on appeal, *see Juan H.*, 408 F.3d at 1273; *Rupe*, 93 F.3d at 1445; *Moormann*, 628 F.3d at 1107, and Mr. Raygoza has not shown on this record that the *Miranda* issue was anything but meritless.

Mr. Raygoza has not shown that there was constitutionally ineffective assistance of trial or appellate counsel. Also, as discussed in the next section, he has not shown that he exhausted state court remedies for independent claims of ineffective assistance of trial or appellate counsel. He has thus far not shown ineffective assistance of counsel that provides cause to excuse his procedural default. *See Murray v. Carrier*, 477 U.S. at 488. Mr. Raygoza has not established cause or prejudice, or shown that the failure to consider the *Miranda* claim will result in a fundamental miscarriage of justice. Claim 7 therefore is procedurally defaulted and is now dismissed without prejudice to Raygoza moving for reconsideration of the order granting the motion after he exhausts his IAC claims.

---

attorney, one will be appointed free or charge to represent you before and during questioning, if you so desire. Do you understand each one of the rights that I just explained to you?

Raygoza: Yes.

Bravo: Ok. Um . . . the reason that I want to talk to you is about a subject that involves your wife, Ok? Um . . . and your daughters. Um . . . especially, um . . . Sonia . . . and Jeanette.

CT 300-02. Detective Bravo then began his questioning of Raygoza.

11

B.  The Ineffective-Assistance-of-Counsel Claims (i.e., Claims 8 and 9) Are Dismissed As Unexhausted

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state court remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

Mr. Raygoza did file a petition for writ of habeas corpus in the California Supreme Court in which he presented his ineffective-assistance-of-counsel claims, but that petition was rejected for a procedural reason that shows the ineffective-assistance-of-counsel claims are unexhausted. The California Supreme Court rejected Mr. Raygoza's habeas petition without discussion but with a citation to *Duvall*, 9 Cal. 4th at 474.[4] Under California law, a denial of a habeas petition with a citation to *Duvall* indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal. 4th at 474. Both problems are curable defects that can be cured in a renewed state petition. *Cf. Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986) (a state petition denied with a *Swain* citation, which stands for the proposition that a petitioner has failed to state his claim with sufficient particularity and has failed to explain the reasons for any delay in filing, can be cured in a renewed petition). State judicial remedies are not exhausted in such a case. *See id.* Here, Mr. Raygoza can exhaust by

---

[4] As discussed in Section A, the California Supreme Court also cited to *In re Dixon* in its order denying Mr. Raygoza's petition for writ of habeas corpus, but the *In re Dixon* cite did not apply to the ineffective-assistance-of-counsel claims. Thus, the *Duvall* bar is the only bar applied to the ineffective-assistance-of-counsel claims. The *Duvall* bar may also have been applied to the *Miranda* claim, but it would not change the outcome for the *Miranda* claim because, unlike the pleading problem covered by the *Duvall* bar, the problem covered by the *Dixon* bar (i.e., habeas cannot be used as a substitute for appeal) cannot be overcome by Mr. Raygoza returning to the California Supreme Court and presenting a new petition for writ of habeas corpus. *See generally Kibler v. Walters*, 220 F.3d 1151, 1153-54 (9th Cir. 2000) (claims procedurally defaulted where petitioner had failed to satisfy Washington's established procedural requirements for presentation of claims to state supreme court (and therefore had not exhausted state court remedies), but was barred under well-established state rule from presenting claims in repetitive state petition).

filing a new habeas petition in the California Supreme Court that states his ineffective-assistance-of-counsel claims with sufficient particularity and attaches the transcript of his interview.[5]

Mr. Raygoza argues that he did exhaust his state court remedies because he did present the claims of ineffective assistance of trial and appellate counsel to the California Supreme Court in his petition for writ of habeas corpus. He is correct that the claims were in the petition, but he fails to appreciate that they were described in only the most cursory of ways. The totality of his allegations in his petition to the California Supreme Court about his claims were as follows:

> [Ground 1:] Petitioner's pretrial statements were introduced in trial in violation of Miranda v. Arizona.
>
> [Supporting facts:] State interrogators did not ask Petitio[ner] if he waives his rights, after said interrogators read the Miranda warning. (2CT 301-02.) The video re[cor]ding of said interrogation was admitted into evidence and shown to the jury at trial. (7RT 1861, 1863.) Transcripts was provided to jury, both in Spanish & English. (7RT 1859, 1860; People's Exhibit no. 11; 2CT 300-395.) The jurors requested readbacks in regards to assessing incidentals vs an intent. (2CT 396-97.)
>
> [Ground 2:] Ineffectiveness of trial counsel when he failed to object to the introduction of Petitioner's interrogation.
>
> [Supporting facts:] Petitioner incorporates the facts and arguments, herein Ground 1, as fully [set] forth herein. Defense counsel did not raise an objection to the introduction of said interrogation in spite of prosecution's intent to use said interrogation in their case-in-chief. The jurors requested readbacks in regards to intent. (2CT 396-97.)
>
> [Ground 3:] Ineffective assistance of appellate counsel for failure to raise a 5th Amend. violation.

---

[5] When the California Supreme Court summarily denies a petition for writ of habeas corpus with citations to both *Duvall* and *In re. Swain*, 34 Cal.2d 300, 304 (Cal. 1949) (petitioner must "allege with particularity the facts upon which he would have a final judgment overturned"), the decision is "'in effect, the grant of a demurrer, i.e., a holding that [the petitioner] ha[s] not pled facts with sufficient particularity.'" *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (alterations in original) (elaborating on the meaning of the *Duvall* and *Swain* citations in California Supreme Court orders).

Mr. Raygoza correctly notes that the California Supreme Court did not cite *Swain* in his case. However, the absence of the *Swain* citation in his case does not aid him because the California Supreme Court's citation to *Duvall* still amounts to a dismissal for failure to plead a claim adequately and/or attach necessary documents, and thus indicates that Mr. Raygoza could return to the California Supreme Court with a new petition for writ of habeas corpus in which he adequately alleges legal claims and provides adequate factual descriptions in support of those claims, as well as the necessary documentation.

13

> [Supporting facts:] Petitioner incorporates the facts and arguments herein in Ground I & II, as fully set forth herein. Appellate counsel did not raise a 5th amend. violation that is apparent even upon a casual reading of said interrogation. Transcripts of said interrogation initiates at "2CT 300" where the warning is given at 2CT 301. The record is silent in regards to waiver.

Docket No. 11-3 at 29-31. In his opposition to the motion to dismiss, Mr. Raygoza "contends that the Clerk's transcript is sufficient to support Petitioner's Claims." Docket No. 12 at 2.

As Respondent points out, Mr. Raygoza's argument he that has exhausted state court remedies actually works to Mr. Raygoza's detriment. In his petition for writ of habeas corpus to the California Supreme Court, Mr. Raygoza urged that he did not waive his *Miranda* rights, that the transcript showed no waiver, and that trial and appellate counsel were ineffective in not asserting the *Miranda* claim. If the *only* fact that purportedly shows ineffective assistance was the absence of a waiver in the transcript of the interrogation, Mr. Raygoza's ineffective-assistance-of-counsel claims fail for the reasons explained in Section A.2, above. The absence of a waiver was not in itself sufficient to establish a *Miranda* violation; as noted above, there must be sufficient evidence to show a *custodial* interrogation. Mr. Raygoza's ineffective assistance claim presented to the California Superior Court did not address the custodial nature of the interrogation. If Mr. Raygoza now contends his ineffective-assistance-of-counsel claims are exhausted – which implies that there are no other facts and he cannot plead the facts with any greater particularity than he already has pled in his petition to the California Supreme Court – the claims based on ineffective assistance would be meritless and could not support federal habeas relief.

C. Mr. Raygoza Must Choose How To Deal With The Unexhausted Claims 8 and 9.

State court remedies have not been exhausted for Claims 8 and 9. Mr. Raygoza's federal petition for writ of habeas corpus contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C.

§ 2244(d), the Court is reluctant to dismiss the mixed petition (and quite possibly cause a later-filed petition to be time-barred) without giving Mr. Raygoza the opportunity to choose how to proceed. Accordingly, instead of an outright dismissal of the action, this Court will allow Mr. Raygoza to choose whether he wants to:

(1) dismiss the unexhausted Claims 8 and 9, and go forward in this action with only the exhausted Claims 1-6, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Mr. Raygoza is cautioned that each of the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while Mr. Raygoza is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[6] The Court cautioned district courts against being too liberal in allowing a stay

---

[6] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not

15

because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071. If Mr. Raygoza files a motion for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

### IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 11. Claim 7 is dismissed because it is procedurally defaulted. Claims 8 and 9 are dismissed because they are unexhausted.

Mr. Raygoza must file no later than **June 30, 2017**, a notice in which he states whether he chooses to (1) dismiss the unexhausted Claims 8-9 and go forward in this action with only Claims 1-6, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Of Partial Dismissal And Requiring Choice By Petitioner." Mr. Raygoza would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **June 30, 2017**,

---

required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

16

Mr. Raygoza must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If Mr. Raygoza does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted claims and set a schedule for briefing on Claims 1-6.

**IT IS SO ORDERED**.

Dated: May 26, 2017

_____
EDWARD M. CHEN
United States District Judge